| | |
|---|---|
| **MITCHELL GATEWOOD,**         ) | |
|         ) | |
|     **Plaintiff,**         ) | |
|         ) | |
|      **v.**         ) | **ORDER** |
|         ) | |
| **JULIE MUELLER, DAVID YU, &**     ) | |
| **KEVIN JONES**         ) | |
|         ) | |
|     **Defendants.**         ) | |

       **THIS MATTER** is before the Court on the defendants' motions to dismiss (Doc. Nos. 11

and 12) and the Magistrate Judge's Memoranda and Recommendations ("M&Rs") (Doc. Nos. 16

and 17).  For the reasons stated below, the Court will **GRANT** the defendants' motions.

## I.  BACKGROUND

       Neither party has objected to the Magistrate Judge's statement of the factual and procedural

background of this case, and the Court thus adopts the facts as set forth in the M&Rs.

## II.  STANDARD OF REVIEW

       The Federal Magistrate Act provides that "a district court shall make a de novo determination

of those portions of the report or specific proposed findings or recommendations to which objection

is made."  28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  "By contrast,

in the absence of a timely filed objection, a district court need not conduct a de novo review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Similarly, de novo review is not

required by the statute "when a party makes general or conclusory objections that do not direct the

court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&Rs.

## III. DISCUSSION

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The parties received a copy of the M&Rs informing them of the 14-day objection deadline, along with a notice of electronic filing stating that they had until October 15, 2010, to object to the M&Rs. No party filed objections during the time period reserved for them, and the Court thus reviews the M&Rs for clear error.[1]

After a careful review of the record in this case, the Court finds that the Magistrate Judge's recommendations are consistent with and supported by the law. It is further satisfied after such review that the plaintiff has failed to state a claim on which relief may be granted. Therefore, the Court hereby adopts the M&Rs of the Magistrate Judge as the final decision of this Court for all purposes in this case.

---

[1] Plaintiff filed a belated motion for extension of time to file an objection to the Magistrate Judge's M&R on October 18, 2010. While the motion cites what would be a good reason for granting an extension, the Court finds nonetheless that the plaintiff's complaint fails to state a claim on which relief may be granted. It therefore is required to dismiss the complaint pursuant to 28 United States Code § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendants' motions to dismiss (Doc. Nos. 11 and 12) are **GRANTED**, the plaintiff's complaint is **DISMISSED**, and the plaintiff's motion for extension of time (Doc. No. 18) is **DENIED as moot**.


**SO ORDERED.**

Signed: October 19, 2010

Robert J. Conrad, Jr.
Chief United States District Judge